UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEAUREGA MITCHELL,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 2:26-cv-3002-DC-JDP (P)<br><br>ORDER |

Petitioner, a federal prisoner, brings this action under section 2241. ECF No. 1. Therein, he seeks transfer to prerelease custody, an order requiring the Bureau of Prisons ("BOP") to recalculate his First Step Act ("FSA") credits, an order requiring the BOP to conduct an individualized assessment of his residential reentry center placement, an order requiring the BOP to explain its reason for its "placement day figures," and release on bond pending final disposition of this petition. ECF No. 1 at 4. However, petitioner notes that he has filed a separate, earlier section 2241 petition that is still pending. *See Mitchell v. Warden*, No. 2:26-cv-2934-DC-CKD. In that case, his petition seeks release on bond (or, in the alternative, immediate transfer to a reentry center), an order requiring the BOP to calculate and apply his FSA time credits, and all other relief the court deems proper. *Id.* at ECF No. 1 at 5. In this case, petitioner acknowledges this earlier case and, in fact, requests that the matters be consolidated. ECF No. 6. However, the

two cases share substantial overlap, insofar as both seek application of FSA credits and release on bond. It is not obvious why, to the extent daylight exists between the claims at issue in both cases, petitioner cannot amend his petition in the earlier case to include all of his section 2241 claims. *See Woods v. Carey*, 525 F.3d 886, 888-90 (9th Cir. 2008) ("[W]here a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application."). Allowing both cases to proceed separately risks forcing the government (and the court) to duplicate work and raises the possibility of different outcomes on substantively identical claims. Accordingly petitioner must show cause, within fourteen days, why this action should not be dismissed as duplicative of the earlier petition. Any response to this order should also discuss why the claims raised in this case cannot be included in the earlier filed, still pending petition in *Mitchell v. Warden*, No. 2:26-cv-2934-DC-CKD.

Accordingly, it is ORDERED that:

1. Within fourteen days, petitioner must respond to this order and explain why, if at all, this action should remain open in light of his other, still active section 2241 petition.

2. Petitioner's failure to comply with this order will result in recommendations that this action be dismissed for failure to prosecute and to comply with court orders.

3. The court will not take up any of the pending motions in this case, ECF Nos. 2, 3, & 6, until petitioner responds to this order.

IT IS SO ORDERED.

Dated: September 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE