UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON BEAUREGA MITCHELL,

Petitioner,

v.

WARDEN,

Respondent.

Case No. 2:26-cv-3002-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Petitioner, a federal prisoner, brings this action under section 2241. ECF No. 1. Therein, he seeks transfer to prerelease custody, an order requiring the Bureau of Prisons ("BOP") to recalculate his First Step Act ("FSA") credits, an order requiring the BOP to conduct an individualized assessment of his residential reentry center placement, an order requiring the BOP to explain its reason for its "placement day figures," and release on bond pending final disposition of this petition. ECF No. 1 at 4. Petitioner notes that he has filed a separate, earlier, section 2241 petition that is still pending. *See Mitchell v. Warden*, No. 2:26-cv-2934-DC-CKD. In that case, his petition seeks release on bond (or, in the alternative, immediate transfer to a reentry center), an order requiring the BOP to calculate and apply his FSA time credits, and all other relief the court deems proper. *Id.* at ECF No. 1 at 5. In this case, petitioner acknowledges this earlier case and, in fact, requests that the matters be consolidated. ECF No. 6. However, the two cases share

substantial overlap, insofar as both seek application of FSA credits and release on bond.

On September 25, 2026, I directed petitioner to show cause why this action should proceed despite his similar, earlier filed action. ECF No. 9. In that order, I specifically directed petitioner to explain why he could not amend his petition in the earlier case to include his claims and requests for relief in this case. *Id.* at 2. Petitioner filed a response to my order, wherein he again acknowledges that this case was opened because of a "clerical error," but rather than dismissing this action directly and amending his earlier filed petition, he requests that these cases be "consolidated." ECF No. 11 at 1. Petitioner has failed to address why, rather than undertaking any procedurally ambiguous "consolidation," he should not simply be directed to amend the earlier filed petition. "A district court generally has 'broad' discretion to consolidate actions . . . ." *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Here, I find that dismissal of this action as duplicative is appropriate. Petitioner may amend his petition in the earlier filed action if any claims or forms of requested relief in this action do not sufficiently overlap.

Accordingly, it is RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DISMISSED as duplicative of the petition filed in *Mitchell v. Warden*, No. 2:26-cv-2934-DC-CKD.

2. All pending motions in this case be DENIED as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 23, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE